FILED'09 JAN 07 14:34 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,          CR No. 90-52-PA

    v.

                              **ORDER**

LEROY MORALES,

        Defendant.

**PANNER, J.**

    Defendant Leroy Morales moves to reduce his sentence, which was imposed for violating the terms of supervised release. I deny the motion because the applicable statute, 18 U.S.C. § 3582(c)(2), does not authorize the reduction.

                              **BACKGROUND**

    In 1990, defendant pleaded guilty to distribution of crack cocaine. I sentenced defendant to 110 months in prison and five years of supervised release.

1 - ORDER

Defendant completed his federal prison sentence. In 1999, while on supervised release, defendant was convicted of a crime in state court and sentenced to 240 months.

Based on defendant's state conviction, I revoked defendant's supervised release and sentenced defendant to 36 months in prison. Defendant is to serve the sentence after he completes his state sentence in 2018.

Effective November 2007, the U.S. Sentencing Commission amended the Drug Quantity Table for crack cocaine, lowering the offense levels for most quantities of crack cocaine by two levels. See U.S.S.G. app. C, supp. amds. 706 and 711, U.S.S.G. § 2D1.1. Effective March 2008, the Sentencing Commission made the crack cocaine amendments retroactive. U.S.S.G. app. C, supp. amd. 713. Defendant states that under the amended Drug Quantity Table for crack cocaine, the sentencing range for his offense would be 92 to 115 months, instead of the original range of 110 to 137 months.

Defendant submits two statements indicating that he has generally conducted himself well while serving his sentence at the Oregon State Penitentiary (OSP). Defendant's counselor at OSP, Kelly Lawrence, describes defendant as "the best example I have witnessed of a parent/inmate staying involved in their children's lives from the inside."

2 - ORDER

**DISCUSSION**

I. **Standards**

Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

To be eligible for relief under § 3582(c)(2), a defendant must show that he has been sentenced based on a guideline range that the Sentencing Commission later lowered, and that the reduction would be consistent with the Sentencing Commission's policy statements. If a defendant meets these conditions, the court has discretion to reduce the term of imprisonment, considering the factors in 18 U.S.C. § 3553(a)[1]. See United States v. Townsend, 98 F.3d 510, 512 (9th Cir. 1996).

II. **Discussion**

In arguing that he is eligible for relief under 18 U.S.C.

---

[1] The factors in 18 U.S.C. § 3553(a) include the nature of the offense, the need to deter criminal conduct, the need to protect the public from future crimes by the defendant, the need to provide the defendant with educational and vocational training, the kind of sentence generally imposed for the offense, the Sentencing Commission guidelines and policy statements, the need to avoid disparity in sentencing, and the need to provide victims with restitution.

3 - ORDER

§ 3582(c)(2), defendant relies on United States v. Etherton, 101 F.3d 80 (9th Cir. 1996). In Etherton, after the defendant had completed a prison sentence for a marijuana offense, he violated the terms of supervised release. The district court revoked supervised release and sentenced the defendant to seven months' imprisonment. The Sentencing Commission then lowered the offense levels for marijuana offenses. Based on the amended guidelines for marijuana offenses and on § 3582(c)(2), the district court reduced the defendant's sentence for violating supervised release to time served.

The Ninth Circuit affirmed, holding that the phrase "term of imprisonment" in § 3582(c)(2) includes terms of imprisonment imposed on revocation of supervised release. The court reasoned that a prison term for violating the conditions of supervised release is not punishment for a new substantive offense, but part of the punishment for the original conviction. 101 F.3d at 81.

The Sentencing Commission disagreed with Etherton's reasoning, and amended the application notes to clarify its position. See comment to U.S.S.G. amd. 548.[2] The application note states, "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.

---

[2] The Commission explained, "The amendment also makes clear that, contrary to the holding in United States v. Etherton, 101 F.3d 80 (9th Cir. 1996), a reduction in the term of imprisonment imposed upon revocation of supervised release is not authorized by the policy statement."

4 - ORDER

This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." Appl. n.4(A) (formerly appl. n.4), U.S.S.G. § 1B1.10 (Nov. 1, 2008).

There is some logic to the Commission's policy. Section 3582(c)(2) applies when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (Emphasis added.) When a defendant is sentenced for violating the conditions of supervised release, the court determines the sentencing range based on the nature of the violation (Grade A, B, or C), and the defendant's criminal history category. See U.S.S.G. §§ 7B1.3-4. The guideline range for the underlying offense of conviction is not relevant to a sentence for violating conditions of supervised release. See United States v. Calhoun, 2008 WL 2563381, at *1 (D. Mass. June 24, 2008) (amended crack cocaine guidelines did not apply to a sentence imposed for violating conditions of supervised release, which is governed by separate guidelines).

Defendant argues that Etherton trumps the application note. I disagree. When the Ninth Circuit decided Etherton, "the Commission had not spoken concerning the effect of a retroactive Guideline amendment on a revocation sentence." United States v. Mills, 2008 WL 927542, at *1 (S.D. W. Va. April 4, 2008). Now the Commission has spoken, and it has rejected Etherton's

5 - ORDER

holding. Section 3582(c)(2) requires that this court's decision be "consistent with applicable policy statements issued by the Sentencing Commission." Defendant argues that the application note is only advisory, but § 3582(c)(2) is not advisory. I conclude that the sentence reduction defendant seeks here would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). See, e.g., United States v. Lopez, 2008 WL 822005, at *1 (M.D. Fla. Mar. 26, 2008); United States v. Wyatt, 2008 WL 4534146 (S.D. Ill. Oct. 7, 2008).

Defendant argues that applying note 4 would violate his rights under the Ex Post Facto Clause, Article I, section 9 of the Constitution. However, defendant was sentenced in 1999 for violating conditions of supervised release, which was after the effective date of application note 4(A).

## CONCLUSION

Defendant's motions to reduce the sentence and for a status hearing (#72, #73, and #76) are denied.

IT IS SO ORDERED.

DATED this ___7___ day of January, 2009.

OWEN M. PANNER
United States District Judge