**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

LEROY MORALES,
    *Defendant-Appellant.*

No. 09-30047

D.C. No.
3:90-cr-00052-PA-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted
November 4, 2009—Portland, Oregon

Filed January 5, 2010

Before: Alex Kozinski, Chief Judge, Raymond C. Fisher and
Richard A. Paez, Circuit Judges.

Opinion by Chief Judge Kozinski

199

Case 3:90-cr-00052-PA    Document 87    Filed 01/15/10    Page 2 of 8
Case: 09-30047    01/05/2010    Page: 2 of 8    ID: 7183174    DktEntry: 22-1

United States v. Morales                                    201

## COUNSEL

Argued by Stephen R. Sady, Assistant Federal Public Defender, Portland, Oregon; briefed by Alison M. Clark, Assistant Federal Public Defender, Portland, Oregon, for the defendant-appellant.

Argued by Leah K. Bolstad, Assistant United States Attorney, Portland, Oregon; briefed by Karin J. Immergut, United States Attorney, District of Oregon, Portland, Oregon; and Kathleen L. Bickers, Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

## OPINION

KOZINSKI, Chief Judge:

We consider whether a defendant is eligible for a reduction of his supervised release revocation sentence because the guideline range for his original crime was lowered.

### Facts

In 1990, Leroy Morales pled guilty to distribution of crack cocaine and was sentenced to 110 months in prison and 5 years supervised release. Morales served his time but, while on supervised release, he was convicted of robbery in state court. Because of this conviction, the federal district court revoked Morales's supervised release and sentenced him to 36 months, which he is to serve on completion of his state sentence.

Effective November 2007, the United States Sentencing Commission lowered the offense levels for crack cocaine, *see* U.S.S.G. app. C, amend. 706 (2007), and this change is retroactive, *id.* at amend. 713 (2008). Morales moved to reduce his sentence for violating supervised release in March 2008. He argued that, had he been sentenced under the revised guidelines, his sentencing range would have been 92-115 months instead of 110-137 months. Based on this difference, he requested an 18-month reduction of his supervised release revocation sentence. The district court concluded that it had no authority to reduce Morales's sentence and denied the motion. Morales appeals.

### Analysis

[1] We review de novo whether the district court had jurisdiction to modify Morales's sentence. *United States* v. *Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). Generally, courts may

Case 3:90-cr-00052-PA Document 87 Filed 01/15/10 Page 4 of 8
Case: 09-30047 01/05/2010 Page: 4 of 8 ID: 7183174 DktEntry: 22-1

UNITED STATES v. MORALES 203

not alter a term of imprisonment once it is imposed. *Id.* at 673. But 18 U.S.C. § 3582(c)(2) creates an exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A defendant must meet two criteria to be eligible for a sentence reduction under this provision: (1) He must have been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the Commission; and (2) the reduction must be consistent with the Commission's applicable policy statements. *Leniear*, 574 F.3d at 673. Unless a defendant satisfies both requirements, the district court lacks jurisdiction to consider a reduction. *Id.* at 672-73.

**[2]** In *United States* v. *Etherton*, we held that a defendant was eligible for a reduction of his supervised release revocation sentence because the guideline range for his original crime was lowered. 101 F.3d 80, 81 (9th Cir. 1996). We explained that "a term of supervised release . . . is 'simply part of the whole matrix of punishment which arises out of a defendant's original crimes.' " *Id.* (quoting *United States* v. *Paskow*, 11 F.3d 873, 883 (9th Cir. 1993) (alteration in original)). We thus affirmed the district court's reduction of Etherton's supervised release revocation sentence because the guideline range for his underlying crime—conspiracy to manufacture and distribute marijuana plants—had been reduced. *Id.* at 81-82.

**[3]** We take our duty to follow circuit precedent seriously. *See Miller* v. *Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). And *Etherton* clearly held that "[b]ecause Etherton had been sentenced 'based on a sentencing range that has sub-

Case 3:90-cr-00052-PA    Document 87    Filed 01/15/10    Page 5 of 8
Case: 09-30047    01/05/2010    Page: 5 of 8    ID: 7183174    DktEntry: 22-1

204                UNITED STATES v. MORALES

sequently been lowered,' the court had authority to exercise its discretion to reduce the sentence under section 3582(c)(2)." 101 F.3d at 81. The facts in *Etherton* are materially indistinguishable from those here: Both defendants were originally convicted of drug crimes and later sentenced for supervised release violations, and both argued that their supervised release revocation sentence should be reduced because the guideline range for their drug crime had been lowered. Nevertheless, we conclude that the district court here didn't have jurisdiction to reduce Morales's sentence.

**[4]** Just one year after *Etherton*, the Commission amended its commentary to U.S.S.G. § 1B1.10, which is a policy statement applicable to section 3582(c)(2), *Leniear*, 574 F.3d at 674. Section 1B1.10(a)(1) provides that when "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," and the text of this section hasn't significantly changed since *Etherton*. The amendment added Application Note 4 (now numbered Application Note 4(A)), which says that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." As if the note weren't clear enough, the Commission's explanation of the amendment says that "contrary to the holding in *United States* v. *Etherton*, a reduction in the term of imprisonment imposed upon revocation of supervised release is not authorized by the policy statement." U.S.S.G. app. C, amend. 548 (1997) (citation omitted).

Application Note 4(A) is an authoritative interpretation of section 1B1.10, so long as it's not inconsistent with or a plainly erroneous reading of the guideline, or a violation of the Constitution or a federal statute. *See United States* v. *Rising Sun*, 522 F.3d 989, 996 (9th Cir. 2008). We are not aware

UNITED STATES v. MORALES 205

of any statute or constitutional provision the note violates. And it's not a clearly erroneous interpretation of section 1B1.10, as the policy statement is ambiguous regarding its applicability to supervised release revocation sentences: Judge T.G. Nelson's dissent in *Etherton* shows that reasonable people can disagree about whether the sentencing range for a violation of supervised release has been lowered just because the range for the original crime was reduced. *See Etherton*, 101 F.3d at 82 (Nelson, J., dissenting).

So, unlike the sentence reduction in *Etherton*, which predated Application Note 4(A), a reduction in a supervised release revocation sentence today would be inconsistent with an applicable policy statement. In light of this development, two circuits have held that district courts aren't authorized by section 3582(c)(2) to reduce sentences for violating supervised release. *See United States* v. *Fontenot*, 583 F.3d 743, 744-45 (10th Cir. 2009); *United States* v. *Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam). In *Forman*, the Seventh Circuit specifically rejected defendant's reliance on *Etherton*: "*Etherton* sought to answer a question left open by the guidelines in effect at the time. One year later, in 1997, the Sentencing Commission filled the gap with Application Note 4(A), and no court has relied on *Etherton* since." 553 F.3d at 589.

Of course, the Commission can't tell federal courts how to interpret statutes. *See generally Neal* v. *United States*, 516 U.S. 284, 290 (1996). Application Note 4(A) therefore doesn't displace *Etherton's* interpretation of "based on a sentencing range that has subsequently been lowered" in section 3582(c)(2). 101 F.3d at 81. But this is just the first eligibility requirement for a reduced sentence under section 3582(c)(2). *See* p. 203 *supra*. The second is that a reduction be consistent with the Commission's applicable policy statements. *Id.*

**[5]** In affirming a sentence reduction under section 3582(c)(2), *Etherton* implicitly held that there were no incon-

Case 3:90-cr-00052-PA    Document 87    Filed 01/15/10    Page 7 of 8
Case: 09-30047    01/05/2010    Page: 7 of 8    ID: 7183174    DktEntry: 22-1

206                    UNITED STATES v. MORALES

sistent policy statements. We reach the opposite result because the law has changed: Application Note 4(A) clarifies that reducing a supervised release revocation sentence is inconsistent with U.S.S.G. § 1B1.10. In *Stinson* v. *United States*, the Supreme Court reversed the Eleventh Circuit for failing to reconsider its interpretation of a guideline in light of commentary later issued by the Commission. 508 U.S. 36, 39, 44 (1993). Application Note 4(A) thus justifies—indeed requires—discarding our prior interpretation of section 1B1.10. *See Miller*, 335 F.3d at 900 (intervening higher authority justifies overturning prior panel opinion).

Morales argues that under *United States* v. *Booker*, 543 U.S. 220 (2005), Application Note 4(A) is at most advisory. But *Booker* concerned the significance of the guidelines when the district court imposes a sentence. *See id.* at 259. The issue here is whether the district court even has jurisdiction under section 3582(c)(2) to modify Morales's sentence. In this situation, *Booker* doesn't control. *See Leniear*, 574 F.3d at 674.

**[6]** The Supreme Court explained in *Braxton* v. *United States* that "Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in U.S.S.G. § 1B1.10, which sets forth the amendments that justify sentence reduction." 500 U.S. 344, 348 (1991). Moreover, 18 U.S.C. § 3582(c)(2) requires that a reduction be consistent with the Commission's policy statements. Between sections 994(u) and 3582(c)(2), then, the Commission's policy statement concerning whether a sentence reduction is authorized—section 1B1.10—is binding. *See United States* v. *Washington*, 584 F.3d 693, 699-700 (6th Cir. 2009); *United States* v. *Doe*, 564 F.3d 305, 310 (3d Cir. 2009); *United States* v. *Dunphy*, 551 F.3d 247, 250-51 (4th Cir. 2009); *United States* v. *Walsh*, 26 F.3d 75, 77 (8th Cir. 1994). And Application Note 4(A) is an authoritative interpretation of section 1B1.10. *See* pp. 204-205 *supra*. The district court therefore

| UNITED STATES v. MORALES | 207 |
|---|---|

correctly concluded that Morales wasn't eligible for a reduction under section 3582(c)(2).

* * *

**[7]** Morales satisfies the first requirement for a sentence reduction pursuant to section 3582(c)(2): Under *Etherton*, Morales has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered." But Morales fails to satisfy the second: A reduction isn't consistent with the Commission's applicable policy statements. Thus, the district court was without jurisdiction to reduce Morales's sentence.

**AFFIRMED.**